**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-60

UNITED STATES TAX COURT

MICHAEL I. AGUGO AND CHIOMA AGUGO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1649-13S.                           Filed June 24, 2014.

Michael I. Agugo and Chioma Agugo, pro sese.

<u>Elizabeth Mourges</u>, for respondent.


SUMMARY OPINION

GERBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the years at issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.  All amounts are rounded to the
nearest dollar.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in and accuracy-related penalties with respect to petitioners' Federal income tax for 2009, 2010, and 2011 (years at issue) as follows:

| Year | Deficiency | Penalty sec. 6662(a) |
|------|-----------|----------------------|
| 2009 | $21,679 | $4,336 |
| 2010 | 24,814 | 4,961 |
| 2011 | 15,378 | 3,076 |

After concessions, there are two issues for decision. The first issue is whether petitioners are entitled to various business expense deductions for the years at issue. We hold they are not. The second issue is whether petitioners are liable for accuracy-related penalties under section 6662(a) for the years at issue. We hold they are.

## Background

Petitioners resided in Maryland when they filed the petition. Mr. Agugo worked at two different hospitals as a registered nurse 60-80 hours a week during the years at issue. He has several bachelor's degrees and is currently enrolled in a

program to become a medical doctor. Mrs. Agugo is a medical doctor although during the years at issue she did not practice medicine and was, instead, a stay-at-home parent caring for petitioners' children.

During 2008 petitioners became involved in an insurance sales program known as "World Financial Services" (WFS). WFS was designed to promote the sale of insurance through networking with friends and family and by recruiting others to sell insurance. Petitioners attended various WFS seminars and became licensed to sell WFS insurance products (insurance activity) in 2008 but ceased the insurance activity in 2010 after failing to make any sales.

In 2011 petitioners began offering a home nursing care service for Medicaid patients (home care activity). Petitioners did not obtain the license necessary to be a Medicaid heath care provider and as of the start of the trial had never had a home care activity client.

Petitioners filed tax returns for the years at issue. Petitioners' reported wages exceeded $178,000 for 2009 and 2010 and exceeded $158,000 for 2011. For each return petitioners attached a Schedule A, Itemized Deductions, and a Schedule C, Profit or Loss From Business. The Schedules C for 2009-10 concerned the insurance activity, and the one for 2011 concerned the home care activity. On both the Schedules A and the Schedules C, petitioners claimed

deductions for tens of thousands of dollars of purported expenses. On the Schedules C petitioners did not report that they earned any income from the insurance activity or the home care activity. The claimed itemized deductions and business expense deductions reduced petitioners' reported Federal income tax to zero for 2009, to approximately $1,100 for 2010, and to approximately $1,600 for 2011.

Mr. Agugo's acquaintance Mathias Bama prepared petitioners' returns for the years at issue. Mr. Bama did not testify, and the record does not establish his credentials or experience.

Respondent issued petitioners a notice of deficiency disallowing the deductions for all of the Schedule C expenses and substantially all of the Schedule A expenses for each year at issue. Petitioners filed a petition with this Court for redetermination. Petitioners have conceded that they are not entitled to the disallowed Schedule A expense deductions.

Discussion

## I. Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); see Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden of proof may shift to the

Commissioner if the taxpayer proves that he or she has satisfied certain requirements. Sec. 7491(a); see Baker v. Commissioner, 122 T.C. 143, 168 (2004). Petitioners have neither claimed that the burden shifts to respondent nor shown that they complied with the requirements of section 7491(a). The burden of proof, therefore, remains on petitioners.

## II. Carrying On a Trade or Business

Section 162(a) provides that "[t]here shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". Respondent contends that petitioners have not shown that their insurance activity and home care activity rise to the level of carrying on a trade or business within the meaning of section 162 and therefore are not entitled to deduct any expenses for those activities. We agree.

A taxpayer generally may deduct ordinary and necessary business expenses paid or incurred in carrying on any trade or business. Sec. 162(a). The taxpayer must satisfy two criteria to be engaged in a trade or business; namely, the taxpayer must be involved in the activity with continuity and regularity, and the taxpayer's primary purpose for engaging in the activity must be for income or profit. Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987).

Petitioner worked 60 to 80 hours a week as a nurse during the years at issue and never earned any income from either the insurance activity or the home care activity. Besides an insurance license, petitioners offered no documentation to show that either the insurance activity or the home care activity was a bona fide trade or business. Instead, petitioners relied on Mr. Agugo's testimony. Petitioner's testimony was vague, incomplete, inconsistent, and wholly insufficient to establish that petitioners conducted the insurance activity or the home care activity continually, regularly, and with the primary purpose of earning a profit. We therefore hold that petitioners are not entitled to deduct any expenses with respect to the insurance activity or the home care activity.[2] It is therefore unnecessary to decide whether petitioners have substantiated the expenses reported on the Schedules C. In any event, most of the amounts would not meet the more stringent substantiation requirements of section 274.

## III. Accuracy-Related Penalties

Respondent also determined 20% accuracy-related penalties under section 6662(a) on the underpayments of tax for the years at issue. Respondent determined that petitioners are liable for the penalties because they substantially

---

[2]Because petitioners did not have gross income from the insurance activity or the home care activity, they are not entitled under sec. 183(b) to any deductions with respect to those activities.

understated their income tax for each year within the meaning of section 6662(b)(2) and (d)(1). An "understatement" means the excess of the amount of the tax required to be shown on the return over the amount of the tax imposed which is shown on the return, reduced by any rebate. Sec. 6662(d)(2)(A). In the case of an individual, an understatement is substantial if it exceeds the greater of 10% of the tax required to be shown on the income tax return or $5,000. Sec. 6662(d)(1)(A).

Respondent bears the burden of production with respect to petitioners' liability for the accuracy-related penalties determined in the notice of deficiency and must therefore produce evidence that it is appropriate to impose these penalties. See sec. 7491(c); see also Higbee v. Commissioner, 116 T.C. 438, 446 (2001). For each year at issue, petitioners' understatement of income tax exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Accordingly, respondent has met his burden of production.

An accuracy-related penalty is not imposed on any portion of the understatement as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1). Reliance on the advice of a tax professional may constitute reasonable cause and good faith if under all the facts and circumstances the reliance is reasonable and in good faith. Neonatology Assocs., P.A. v.

Commissioner, 115 T.C. 43, 98 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002); sec. 1.6664-4(c)(1), Income Tax Regs. To qualify for this exception, a taxpayer must prove by a preponderance of the evidence that: (1) the adviser was a competent professional who had sufficient expertise to justify reliance, (2) the taxpayer provided necessary and accurate information to the adviser, and (3) the taxpayer actually relied in good faith on the adviser's judgment. Neonatology Assocs., P.A. v. Commissioner, 115 T.C. at 98-99.

Petitioners contend that they relied on Mr. Bama to prepare their returns for the years at issue correctly. Mr. Bama did not testify, and petitioners failed to establish with credible evidence Mr. Bama's credentials and experience with respect to preparing Federal income tax returns. Additionally, petitioners did not establish with any specificity the information provided to Mr. Bama regarding the insurance activity or the home care activity. We find that petitioners have failed to show Mr. Bama was a competent professional with sufficient expertise to justify reliance and that they provided him with necessary and accurate information. Petitioners failed to otherwise show that they acted with reasonable cause and in good faith with respect to the relevant underpayments. Accordingly, we hold that petitioners are liable for accuracy-related penalties for the years at issue.

To reflect the foregoing,

Decision will be entered for respondent.